IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LUIS ERNESTO AVALOS IBARRA, | § § § § § § § | |
| *Petitioner*, | | |
| v. | | CIVIL ACTION NO. 9:26-CV-00102 |
| KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAM BONDI, in her official capacity as Attorney General of the United States; TODD LYONS, in his Official Capacity as Acting Director of United States Immigration and Customs Enforcement; BRET BRADFORD, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; and ALEXANDER SANCHEZ, in his official capacity as Co-Associate Warden of the IAH Secure Adult Detention Center, | § § § § § § § § § § § § § § § § § § § | JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Luis Ernesto Avalos Ibarra (Avalos)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Luis Ernesto Avalos Ibarra is a Mexican national who entered the United States illegally in 2001. *See* [Dkt. 1-4 at 1; Dkt. 1-9 at 1]. On October 16, 2025, United States Immigration and Customs Enforcement (ICE) detained Avalos. Dkt. 1-9 at 1.

On January 13, 2026, Avalos brought a habeas corpus petition, claiming that his detention violated the Fifth Amendment to the United States Constitution. [Dkt. 1].

**II. LEGAL STANDARD**

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Avalos argues that his detention violates due process because it "has become prolonged due to government-controlled delays" and because the Government has made no "individualized determination justifying continued detention." [Dkt. 1 at ¶ 31]. He is wrong on both counts. First, his detention is neither prolonged nor indefinite. In *Demore v. Kim*, the Supreme Court held that detention of aliens during removal proceedings comports with due process. 538 U.S. 510, 531 (2003). Because removal proceedings terminate once a removal order is issued, detention during removal proceedings has a definite end point. *See id.* The *Demore* Court likewise recognized that pre-removal detentions of up to six months are common and do not raise constitutional issues. *See id.* at 530. Accordingly, Avalos's detention, which has lasted around six months, is not so prolonged or indefinite as to violate due process. *See id.*

Avalos's assertion that the Government has made no individualized determination justifying his detention is also incorrect. Because the Government has determined that Avalos is deportable, which he admits, the Government has adequate grounds to detain him pending a removal order. *See Demore*, 538 U.S. at 528.

### IV. CONCLUSION

It is therefore **ORDERED** that Avalos's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL**

**JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 10th day of March, 2026.**


_____

Michael J. Truncale
United States District Judge